# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ANTONIO COLBERT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-682 (JDB) |
| OFFICE OF INSPECTOR GENERAL, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This action is before the Court following removal from the Superior Court of the District of Columbia. The court will sua sponte dismiss this action for failure to state a claim upon which relief may be granted.

The Court "shall dismiss" an action in which a plaintiff is proceeding in forma pauperis "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A court's sua sponte consideration of dismissal under § 1915(e)(2) is akin to evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See Clow v. Fed. Bureau of Prisons*, No. 08-cv-1121, 2008 WL 2705193, at *1 (D.D.C. July 9, 2008). All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). Although "detailed factual allegations" are not necessary, to provide the

"grounds" of "entitle[ment] to relief" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Finally, a "pro se complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 32 (D.D.C. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Plaintiff, who is pro se and proceeding in forma pauperis, makes the following allegation—and only the following allegation—against the Office of Inspector General of the United States Postal Service: "Refuse to resolve issues involving postal employees misconduct! This misconduct has went [sic] on over 2 months, and nothing has been done yet. And the Office of the Inspector General is fully aware of this, and they are [sic] contributing to the crime in progress!" Compl., ECF No. 1. Even when given the liberal construction afforded to pro se pleadings, plaintiff's complaint wholly fails to state a claim upon which relief can be granted. Plaintiff identifies neither what the "issues" are that involve misconduct by postal employees, nor what the "crime in progress" is, nor what the Inspector General is supposed to have done about those issues or that crime, nor why any failure of the Inspector General to do whatever it is that plaintiff wanted done is civilly actionable. Plaintiff thus fails to give defendant fair notice of what the claim is or the grounds upon which it rests. This action will therefore be dismissed for failure to state a claim upon which relief may be granted, and defendant's pending motion to stay

this action will be denied as moot. A separate order consistent with this Memorandum Opinion shall issue this date.

/s/
JOHN D. BATES
United States District Judge

DATE: April 12, 2011